IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN GALIK,

    Plaintiff,                  No. 2:09-cv-0152 KJN P

  vs.

A. NAMGALAMA, et al.,

    Defendants.          <u>ORDER</u>

                           /

          Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).[1]  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

---

[1] The court notes that on January 16, 2009, plaintiff paid $150 towards the total statutory filing fee, that amount will be calculated in the court's separate order.

1

1  will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust
2  account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for
3  monthly payments of twenty percent of the preceding month's income credited to plaintiff's
4  prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of
5  the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid
6  in full.  28 U.S.C. § 1915(b)(2).

7  The court is required to screen complaints brought by prisoners seeking relief
8  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
9  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
10  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
11  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
12  U.S.C. § 1915A(b)(1),(2).

13  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
14  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
15  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
16  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
17  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
18  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
19  Cir. 1989); Franklin, 745 F.2d at 1227.

20  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
21  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
22  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
23  Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355
24  U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must
25  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
26  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff names four doctors as defendants and generally describes the allegedly slow pace of medical care that he has received at California State Prison Sacramento (CSP-Sac). Plaintiff mentions delays in receiving prescriptions, and an MRI scan and treatment for chest pains. However, he does not describe any of these instances in sufficient detail, nor does he describe how the actions of the defendants were related to these incidents. It is not clear if defendants were even involved in the events plaintiff describes.

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily

1  activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900
2  F.2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01
3  (9th Cir. 1989); McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other
4  grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).
5       In Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) the
6  Supreme Court defined a very strict standard which a plaintiff must meet in order to establish
7  "deliberate indifference."  Of course, negligence is insufficient.  Farmer, 511 U.S. at 835, 114
8  S.Ct. at 1978.  However, even civil recklessness (failure to act in the face of an unjustifiably high
9  risk of harm which is so obvious that it should be known) is insufficient.  Id. at 836-37, 114 S.Ct.
10 at 1979.  Neither is it sufficient that a reasonable person would have known of the risk or that a
11 defendant should have known of the risk.  Id. at 842, 114 S.Ct. at 1981.
12      The court finds the allegations in plaintiff's complaint so vague and conclusory
13 that it is unable to determine whether the current action is frivolous or fails to state a claim for
14 relief.  The court has determined that the complaint does not contain a short and plain statement
15 as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading
16 policy, a complaint must give fair notice and state the elements of the claim plainly and
17 succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff
18 must allege with at least some degree of particularity overt acts which defendants engaged in that
19 support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.
20 R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file
21 an amended complaint.
22      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
23 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
24 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
25 how each named defendant was involved in the claimed deprivation.  There can be no liability
26 under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the remaining statutory filing fee of $200.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within twenty-eight days  from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:


1        a. The completed Notice of Amendment; and

2        b. An original and one copy of the Amended Complaint.

3 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

4 Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

5 bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to

6 file an amended complaint in accordance with this order may result in the dismissal of this

7 action.

8 DATED: February 12, 2010

10                /s/ Kendall J. Newman
               KENDALL J. NEWMAN
               UNITED STATES MAGISTRATE JUDGE

12 galk0152.14

```
1
2
3
4
5
6
7
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN GALIK,

      Plaintiff,              No. 2:09-cv-0152 KJN P

    vs.

A. NAMGALAMA, et al.,

      Defendants.         NOTICE OF AMENDMENT

_____/

       Plaintiff hereby submits the following document in compliance with the court's order filed _____:

       _____      Amended Complaint

DATED:

                                         _____
                                         Plaintiff