IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN GALIK,

      Plaintiff,                    No. CIV S-09-0152 KJN P

   vs.

A. NAMGALAMA, et al.,

      Defendants.              <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding without counsel and in forma pauperis seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff's original complaint was dismissed and plaintiff has filed an amended complaint.

        As previously noted, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

(9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89 (2007) (internal citations and quotes omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff has not corrected the deficiencies of his previous complaint concerning alleged deliberate indifference to his serious medical needs. Plaintiff describes various medical treatments that he received over the course of a year, but most of the medical treatments seem to be unrelated. Plaintiff describes a back injury in March 2007, sores in his mouth in May 2007, improper treatment for Hepatitis C in August 2007, an MRI in August 2007 and chest pains in January 2008. Plaintiff names two doctors as defendants who are involved in some of the allegations, but only very briefly. The rest of the allegations involve unnamed defendants and the majority of allegations are conclusory and contain very little detail. Plaintiff was previously

advised that he must name specific defendants and describe how they are connected to the alleged constitutional deprivation. Plaintiff's complaint will be dismissed to give him an opportunity to name the proper defendants. Plaintiff must also focus on fewer claims as he has raised several unrelated claims regarding many incidents.

Fed. R. Civ. P. 18(a) provides: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, et al., 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits ..." Id. A "buckshot complaint" complaining that "A defrauded B, defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all different transactions" should be rejected. Id. at 2.

Furthermore, in order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily

1  activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900
2  F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01
3  (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other
4  grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

5  In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court defined a very
6  strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of
7  course, negligence is insufficient. Farmer, 511 U.S. at 835. However, even civil recklessness
8  (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should
9  be known) is insufficient. Id. at 836-37. Neither is it sufficient that a reasonable person would
10 have known of the risk or that a defendant should have known of the risk. Id. at 842.

11 The court finds the allegations in plaintiff's complaint so vague and conclusory
12 that it is unable to determine whether the current action is frivolous or fails to state a claim for
13 relief. The court has determined that the complaint does not contain a short and plain statement
14 as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading
15 policy, a complaint must give fair notice and state the elements of the claim plainly and
16 succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff
17 must allege with at least some degree of particularity overt acts which defendants engaged in that
18 support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed.
19 R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, once again grant
20 leave to file an amended complaint.

21 If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
22 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
23 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms
24 how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless
25 there is some affirmative link or connection between a defendant's actions and the claimed
26 deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

1   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
2   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
3   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

4         Supervisory personnel are generally not liable under § 1983 for the actions of their
5   employees under a theory of respondeat superior and, therefore, when a named defendant holds a
6   supervisorial position, the causal link between him and the claimed constitutional violation must
7   be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.
8   Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

9         In addition, plaintiff is informed that the court cannot refer to a prior pleading in
10  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
11  complaint be complete in itself without reference to any prior pleading.  This is because, as a
12  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
13  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
14  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
15  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

16        In accordance with the above, IT IS HEREBY ORDERED that:

17        1. Plaintiff's amended complaint is dismissed.

18        2. Within twenty-eight days from the date of this order, plaintiff shall complete
19  the attached Notice of Amendment and submit the following documents to the court:

20        a. The completed Notice of Amendment; and

21        b. An original and one copy of the Second Amended Complaint.
22  Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights
23  Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended
24  complaint must bear the docket number assigned this case and must be labeled "Second

25  ////
26  ////

1  Amended Complaint"; failure to file a second amended complaint in accordance with this order
2  may result in the dismissal of this action.
3  DATED: April 23, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

galk0152.amnd

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN GALIK,

     Plaintiff,                  No. CIV S-09-0152 KJN P

    vs.

A. NAMGALAMA, et al.,

     Defendants.          NOTICE OF AMENDMENT

_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____       Second Amended Complaint

DATED:

                                          _____
                                          Plaintiff