IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN GALIK,

    Plaintiff,                   No. 2: 09-cv-0152 KJN P

    vs.

A. NAMGALAMA, et al.,

    Defendant.             <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to jurisdiction of the undersigned. (Dkt. No. 5.)

       By order filed April 23, 2010, plaintiff's amended complaint was dismissed with leave to file a second amended complaint within twenty-eight days. Twenty-eight days passed and plaintiff did not file a second amended complaint. Accordingly, on June 2, 2010, this action was dismissed.

       On July 23, 2010, plaintiff filed a motion for reconsideration of the June 2, 2010, order. (Dkt. No. 24.) The motion for reconsideration is construed as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

////

1

In the motion for relief from judgment, plaintiff alleges that on May 20, 2010, he gave a copy of his second amended complaint to Correctional Officer Naverrette to mail. Attached to the motion is a declaration signed by Correctional Officer Naverrette stating that on May 20, 2010, he accepted a piece of legal mail from plaintiff.

Plaintiff attempted to timely file his second amended complaint but, for reasons unknown, it did not reach the court. Good cause appearing, the request for relief from judgment is granted.

On June 22, 2010, plaintiff filed a second amended complaint which the undersigned will now screen. Plaintiff alleges that he suffers from various medical conditions for which he has received inadequate medical care. In the section of the complaint labeled "Defendants," plaintiff identifies only "doe" defendants. However, in the section of the complaint labeled "Prayer for Relief," plaintiff states that he is seeking injunctive relief against defendants Nangalama and Duc. In particular, plaintiff requests an injunction prohibiting these defendants from being involved in his medical care in the future. Plaintiff also seeks money damages.

The second amended complaint contains no specific allegations against defendants Nangalama or Duc. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

2

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Because plaintiff has failed to link defendants Nangalama and Duc to the alleged deprivations, the claims against these defendants are dismissed with leave to amend. If plaintiff files an amended complaint, he must allege how each named defendant violated his constitutional rights. He must also clearly identify who the defendants are. Finally, the court cannot order service of "Doe" defendants. If the third amended complaint names only "Doe" defendants, this action will be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (Dkt. No. 24), construed as a request for relief from judgment pursuant to Fed. R. Civ. P. 60(b) is granted; this action is reopened;

2. Plaintiff's second amended complaint (Dkt. No. 23) is dismissed with twenty-eight days to file a third amended complaint; failure to file a third amended complaint will result in dismissal of this action.

DATED: August 12, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gal152.req