UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

KEVIN GALIK,

        Plaintiff,

            v.

A. NANGALAMA, et al.,

        Defendants.
_____/

NO. CIV. 2:09-0152 WBS KJN (PC)

ORDER

----oo0oo----

        Plaintiff Kevin Galik, a prisoner proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983 primarily alleging violations of his Eighth Amendment rights. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and Local Rule 302(c)(17). Defendants Dr. Andrew Nangalama and Dr. Vuong Duc filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and, alternatively, a motion for summary judgment pursuant to Rule 56.

        In his Findings and Recommendations, the Magistrate

1

1  Judge recommended that the court 1) grant Dr. Nangalama's motion
2  to dismiss in its entirety; 2) grant Dr. Duc's motion to dismiss
3  plaintiff's equal protection claim against him; 3) grant Dr.
4  Duc's motion for summary judgment on plaintiff's due process
5  claim against him; 4) deny Dr. Duc's motion to dismiss for
6  failure to exhaust administrative remedies; and 5) deny Dr. Duc's
7  motion for summary judgement on plaintiff's Eighth Amendment
8  claim against him.  (Docket No. 53.)  Dr. Duc filed timely
9  objections to the recommendation that his motion for summary
10 judgment be denied with respect to plaintiff's Eighth Amendment
11 claim against him.  Plaintiff filed a statement of "non-
12 objections" to the Magistrate Judge's Findings and
13 Recommendations.  The court now reviews the Magistrate Judge's
14 Findings and Recommendations de novo.  28 U.S.C. § 636(b)(1)(c);
15 Fed. R. Civ. P. 72(b)(2)-(3).

16        Absent from the Magistrate Judge's Findings and
17 Recommendations is a discussion of whether the alleged
18 deficiencies in plaintiff's medical care amounted to "deliberate
19 indifference to serious medical needs" as required to establish a
20 violation of the Eighth Amendment.  Estelle v. Gamble, 429 U.S.
21 97, 104 (1976).  While a prison official's delay or denial of or
22 intentional interference with a prisoner's medical treatment that
23 causes harm to the prisoner may rise to the level of deliberate
24 indifference, Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.
25 2006), negligence or even gross negligence is not sufficient.
26 Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

27        Nonetheless, Dr. Duc failed to submit sufficient
28 evidence for the court to assess whether a genuine issue of

material fact remains on plaintiff's claim that the delays and deficiencies in his medical treatment amounted to deliberate indifference. Moreover, plaintiff's claims against Dr. Duc are based exclusively on Dr. Duc's review of two 602 appeal forms plaintiff filed regarding his medical care. Plaintiff submitted one of the 602 appeals in his opposition to defendants' motion, but neither party provided the second 602 appeal for the court to review. Without reviewing both 602 appeals, the court is unable to determine what complaints plaintiff made about his medical care and whether his complaints addressed a current or continued need for treatment or only past deficiencies.

Determining whether the 602 appeals contained complaints about alleged ongoing deficiencies is necessary to assess whether Dr. Duc violated plaintiff's Eighth Amendment rights. While "prison administrators" can be "liable for deliberate indifference when they knowingly fail to respond to an inmate's requests for help," Jett, 439 F.3d at 1098, this theory of liability is viable only if the administrator is reviewing a present need for medical care and, in ignoring the need, acts in deliberate indifference to that need.

If, on the other hand, an administrator is reviewing only past conduct by subordinates that amounted to deliberate indifference to a serious medical need but that cannot be remedied at the time of the administrator's review, the administrator could not be said to be acting in deliberate indifference to that need. In such a case, however, the prisoner could still have a viable claim against the administrator based on the administrator's "action or inaction in the training,

3

1  supervision, or control of his subordinates; for his acquiescence
2  in the constitutional deprivation; or for conduct that showed a
3  reckless or callous indifference to the rights of others" so long
4  as there is "a sufficient causal connection between the
5  supervisor's wrongful conduct and the constitutional violation."
6  Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Larez
7  v. City of Los Angeles, 946 F.2d 630 (9th Cir. 1991); Hansen v.
8  Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation
9  marks omitted); see Jones v. Cnty. of Sacramento, No. CIV.
10 2:09-1025 WBS DAD, 2010 WL 2843409, *7 (E.D. Cal. July 20, 2010)
11 (discussing Ninth Circuit cases involving supervisors' review of
12 subordinates' allegedly unconstitutional conduct and concluding
13 that "the Ninth Circuit has found a supervisor's conduct
14 sufficient to establish the requisite causal link only when the
15 supervisor engaged in at least some type of conduct before the
16 unconstitutional incident and the supervisor knew or should have
17 known that his conduct could cause the constitutional violation
18 the plaintiff suffered" (emphasis in original)).[1]

19     Dr. Duc has, for the first time, submitted both 602
20 appeals in support of his Objections to the Magistrate Judge's
21 Findings and Recommendations.  Although Federal Rule of Civil
22 Procedure 73(b)(3) and 28 U.C.S. § 636(b)(1)(c) allow the
23 district court to "receive further evidence" when resolving

---

[1] Assuming Dr. Duc had a supervisory role over the prison officers who allegedly failed to treat plaintiff, it does not appear that plaintiff has submitted sufficient evidence, let alone alleged sufficient facts in his Complaint, to establish an Eighth Amendment claim against Dr. Duc based exclusively on his review of past Eighth Amendment violations. See generally Hydrick v. Hunter, --- F.3d ----, 2012 WL 89157, at *3-4 (9th Cir. 2012).

4

objections to Findings and Recommendations, the court will not consider new evidence at this stage.[2] First, considering Dr. Duc's new evidence would require the court to give plaintiff an opportunity to respond and submit additional evidence. Second, and most importantly, allowing new evidence at this stage would defeat the reasons that the motion is referred to the Magistrate Judge.

If this court were to consider new evidence on objection to the Magistrate Judge's Findings and Recommendations, there would be nothing to prevent the parties from presenting a partial record to the Magistrate Judge, wait to see if the recommended decision is against them, and then present whatever evidence they need to overcome the defects pointed out by the Findings and Recommendations. If that were to be the procedure followed, this court would be better off hearing the motion in the first place. While the parties might not object to that procedure, it would neither assist the court nor make the best use of the magistrate judges.

Accordingly, because the court agrees with the Magistrate Judge that defendants have submitted insufficient evidence to establish the lack of a genuine issue of material fact on plaintiff's Eighth Amendment claim against Dr. Duc, the

---

[2] The court recognizes that declining to consider new evidence at this belated stage could unnecessarily require a trial on issues that could have been resolved as a matter of law. While nothing in the Federal Rules of Civil Procedure prevent defendants from filling a second motion for summary judgment, defendants would need to obtain leave of court to do so in this case as the time for dispositive motions has passed. This court will defer th the Magistrate Judge on the question of whether defendant should be permitted to file a second motion in this case.

court will adopt the Magistrate Judge's recommendation on that claim.

Lastly, the court notes that the Magistrate Judge declined to address Dr. Duc's claim of qualified immunity "because defendants have not met their initial burden of demonstrating the absence of genuine issues of material fact as to plaintiff's Eighth Amendment claim." (Docket No. 53 at 16:25-17:1.)  In <u>Saucier v. Katz</u>, 533 U.S. 194 (2001), the Supreme Court developed a mandatory two-step approach to qualified immunity that required a court to first determine whether, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" <u>Saucier</u>, 533 U.S. at 201.  More recently, however, the Supreme Court held that a court may assume the existence of a constitutional violation under this first inquiry for purposes of the qualified immunity analysis. <u>Pearson v. Callahan</u>, 555 U.S. 223, 236 (2009).  Nonetheless, even if this court assumed a constitutional violation under the first inquiry, the insufficient evidence prevents the court from completing the second inquiry, which assesses "whether the law clearly established that the officer's conduct was unlawful <u>in the circumstances of the case</u>." <u>Saucier</u>, 533 U.S. at 201 (emphasis added).

IT IS THEREFORE ORDERED that Dr. Nangalama's motion to dismiss, Dr. Duc's motion to dismiss plaintiff's equal protection claim against him, and Dr. Duc's motion for summary judgment on plaintiff's due process claim against him be, and the same hereby are, GRANTED;

AND IT IS FURTHER ORDERED that Dr. Duc's motion to dismiss for failure to exhaust administrative remedies and Dr. Duc's motion for summary judgment on plaintiff's Eighth Amendment claim against him be, and the same hereby are, DENIED.

DATED: February 6, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE